NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 2, 2021[*]
Decided September 2, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-3345

| | |
|---|---|
| KEITH BLACKWELL,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court<br>for the Southern District of Indiana,<br>Terre Haute Division. |
| *v.* | No. 2:17-cv-00407-JPH-DLP |
| ELIZABETH TRUEBLOOD, et al.,<br>    *Defendants-Appellees*. | James Patrick Hanlon,<br>*Judge*. |

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

**O R D E R**

Keith Blackwell, a former federal inmate, maintains that the officials and medical staff at Federal Correctional Center Terre Haute withheld effective treatment for his chronic obstructive pulmonary disease (COPD) and ignored unsafe living conditions that exacerbated his symptoms. He brought this action for deliberate indifference under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The district court entered summary judgment for the defendants. Because no reasonable factfinder could find that the defendants ignored Blackwell's serious medical needs or living conditions, we affirm.

The claims at issue in this appeal relate to the brief time Blackwell spent at FCI Terre Haute (a facility within the FCC Terre Haute complex) from January 11, 2016, through February 2016. Blackwell had been transferred there to receive a higher level of medical care for his COPD than was available at his former facility. On January 14, three days after his arrival, a prison doctor, Elizabeth Trueblood, evaluated the severity of Blackwell's COPD, as well as other medical conditions. Dr. Trueblood opined that Blackwell's COPD symptoms would improve with increased activity, and Blackwell agreed to transition from a wheelchair to a walker.

On February 1, Blackwell filed an administrative grievance alleging that his COPD was exacerbated by conditions at the facility, including an insect infestation, black mold and mildew, fiberglass dust, and a lack of ventilation. The next day, he reported to Health Services that he was having a COPD flare. A physician's assistant promptly ordered a chest x-ray; diagnosed Blackwell with a respiratory infection; and prescribed the antibiotic azithromycin, which Blackwell had taken the previous month at his prior facility. Blackwell filed another administrative grievance over the medical staff's treatment of his COPD and respiratory infection.

Several days later, another physician's assistant, Heather Mata, reviewed the results of a sputum culture that had been performed at Blackwell's prior facility and changed his antibiotic to Bactrim. The infection cleared up.

Blackwell brought this *Bivens* action asserting deliberate indifference to his serious medical needs. He argued that (1) Jesse Bell, warden of FCI Terre Haute, deliberately disregarded environmental dangers at the facility, (2) Dr. Trueblood, his

doctor there, and Dr. William Wilson, clinical director of the FCC Terre Haute complex, refused to process a pulmonology referral from his previous facility, and (3) Physician's Assistant Mata delayed treating his respiratory infection with appropriate medication.

The district court granted the defendants' motion for summary judgment. The court concluded, first, that Blackwell failed to present any evidence that Warden Bell was aware of—or disregarded—a substantial risk of harm to his health. Blackwell also did not provide evidence to suggest that Dr. Trueblood refused to authorize referrals or that Dr. Wilson prevented her from scheduling outside-specialist consultations. As for Physician's Assistant Mata, the court concluded that there was insufficient evidence that she supported the decision to prescribe azithromycin over Bactrim without reviewing the sputum culture results. And even if she had, her involvement might show at most negligence.

On appeal Blackwell argues that a factual question exists over whether Warden Bell willfully ignored dangerous conditions at FCI Terre Haute. But the warden could be liable for damages under *Bivens* only if he was personally responsible for the deprivation of a constitutional right, meaning that the deprivation occurred at his behest or with his knowledge and consent. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019). Blackwell provided no evidence from which a jury could infer that Warden Bell was personally involved in any decisions regarding the facility's ventilation or Blackwell's living conditions.

Blackwell also asserts that there is a fact question over Dr. Trueblood's and Dr. Wilson's roles in the denial of his pulmonology referral. But here too he presented no evidence of either doctor's personal involvement in that decision. As the district court found, the undisputed evidence showed that any decisions regarding Blackwell's outside medical consultations were made by the Utilization Review Committee, and none of the individual defendants had the authority to overrule those decisions.

Lastly, Blackwell argues that the district court disregarded a fact question about Physician Assistant Mata's role in treating his respiratory infection initially with azithromycin rather than Bactrim. But even if we assume—as did the district court— that Mata supported the decision to prescribe one antibiotic over another without reviewing the culture results, her actions show at most negligence. "[M]edical malpractice, negligence, or even gross negligence does not equate to deliberate indifference." *Johnson v. Dominguez*, 5 F.4th 818, 825 (7th Cir. 2021) (citations and internal quotation omitted). Deliberate indifference requires that a defendant knows of

and disregards an excessive risk to an inmate's health. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Blackwell presented no evidence that Mata was aware of any risk when the azithromycin was prescribed, let alone that she knew the results of the sputum culture at the time.

We have considered Blackwell's remaining arguments, and none has merit.

AFFIRMED